IN THE UNITED STATES COURT OF FEDERAL CLAIMS

*Electronically filed September 2, 2022*

| | | |
|---|---|---|
| VIRGINA MILTON and ARNOLD MILTON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-1235 L |
| v. | ) ) ) | Senior Judge Loren A. Smith |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

## UNITED STATES' AND BELLWETHER PLAINTIFFS' JOINT MOTION FOR STATUS CONFERENCE AND PROPOSAL FOR PROCEEDINGS ON REMAND

On June 2, 2022, the United States Court of Appeals for the Federal Circuit issued its decision in *Milton v. United States*, No. 2021-1131, which encompasses 178 consolidated appeals from judgments entered following this Court's decision, *In re Downstream Addicks & Barker (Tex.) Flood-Control Reservoirs*, 147 Fed. Cl. 566 (2020). The Federal Circuit issued its mandate in the *Milton* appeals on July 25, 2022.[1] The mandate was docketed in *Milton*, No. 17-1235L, but has not yet been docketed in the other downstream cases consolidated with *Milton* in the appellate proceedings.

---

[1] Ten additional appeals from the same decision are consolidated before the Federal Circuit in *Olsen, et al. v. United States*, No. 21-2034 (Fed. Cir.). Those appeals were held in abeyance by the Federal Circuit pending its decision in *Milton*. On August 30, 2022, Federal Circuit issued its Order and Mandate remanding the *Olsen* cases for further proceedings consistent with Milton. The Olsen Order and Mandate has been docketed by the Court of Federal Claims in the following cases: Nos. 18-123L, 17-1194L, 17-1456L, 18-345L, 19-698L, 19-782L, 19-807L, 19-1063L, 19-1266L and 19-1924L.

In light of the mandate, the United States and the remaining 12 Bellwether Plaintiffs Val Aldred, Philip Azar, Paul and Dana Curtis, Good Resources LLC, Wayne and Peggy Hollis, Memorial SMC Investment 2013 L.P., Virginia and Arnold Milton, Peter and Zhennia Silverman, Shawn Welling, Gokhan and Jana Beyoglu, Arnstein and Inga Godejord, and Jennifer Shipos have conferred and respectfully request that the Court schedule a status conference to discuss further proceedings on remand, and also submits their proposals for such proceedings.

The United States and the downstream Bellwether Plaintiffs are filing this joint motion only in the *Milton* docket at this time pending further direction from the Court, but have served a copy of this joint motion on all counsel of record who entered appearances in the Downstream Sub-Docket, No. 17-9002, as reflected in the attached Certificate of Service.

## I.       Procedural History

On September 5, 2017, Y and J Properties, Ltd. filed the first complaint in this Court alleging a taking of private property under the Fifth Amendment arising from the United States Army Corps of Engineers' operation of the Addicks and Barker Dams and Reservoirs during Hurricane Harvey.  *See* Y & J Properties, Ltd. v. United States, No. 17-1189L (Fed. Cl.).

On October 31, 2017, the Court established a "Master Docket," Case No. 17-3000, consolidating all directly or indirectly related cases pursuant to Rule 40.2 of the Rules of the United States Court of Federal Claims ("RCFC").  Management Order No. 2 in 17-3000, ECF No. 1.  The Court then issued several additional Management Orders to establish a process for managing the cases, including Case Management Orders Nos. 2 and 3, which established the

Upstream Sub-Docket and the Downstream Sub-Docket and appointed lead counsel. *See* Management Order No. 2, ECF No. 1; Management Order No. 3, ECF No. 2. [2]

The scheduling orders entered in the Downstream Sub-Docket required the parties to proceed with fact and expert discovery while simultaneously briefing the United States' motion to dismiss. Management Order No. 3, Attachs. A, B. To narrow the discovery required, the Court directed the parties to identify "test properties," which would serve as the focus of the parties' discovery. *See* Order Regarding Test Property Selection, ECF No. 81. On March 28, 2018, the Court designated 14 properties to serve as "test properties."[3] *See id*.

The parties proceeded with discovery in accordance with the Court's scheduling orders, ECF No. 106 (Jul. 2, 2018); ECF No. 143 (Nov. 2, 2018); ECF No. 144 (Nov. 14, 2018), and completed fact discovery in or around October 2018, and exchanged expert reports on November 13, 2018.

During the expert discovery period, the Downstream Sub-Docket was re-assigned to Senior Judge Loren A. Smith. Order, ECF No. 152 (Jan. 7, 2019). The next day, the Court vacated as "infeasible and inoperable" future pre-trial deadlines and turned its attention first to the fully-briefed motion to dismiss. Order, ECF No. 154 (Jan. 8, 2019); Hr'g Tr., ECF No. 164 (Feb. 12, 2019). Following a March 13, 2019 hearing, the Court issued an order calling for additional briefing concurrent with motions for summary judgment. Order, ECF No. 169 (Apr.

---

[2] Unless otherwise indicated, all remaining citations to filings are to filings in the Downstream Sub-Docket, Case No. 17-9002.

[3] Twelve test properties remain. *See* Stipulation of Dismissal as to Becky Ho, July 5, 2018, ECF No. 109. *See also Banes v. United States*, No. 17-1191L, Judgment, ECF No. 37 (Aug. 24, 2020) (dismissing claim of bellwether plaintiff Timothy Stahl with prejudice).

1, 2019).  The parties subsequently filed cross-motions for summary judgment under RCFC 56.[4]

*See* Order, ECF No. 172 (June 6, 2019) (setting summary judgment briefing schedule and oral

argument).

On February 18, 2020, the Court issued an Opinion and Order granting defendant's

Motion to Dismiss and Cross-Motion for Summary Judgment.  ECF No. 203.  The Court

subsequently entered a series of case management orders preceding the entries of final judgment

in the downstream cases.  On July 7, 2020, the Court issued an Order in the Master Docket (No.

17-3000) closing that Master Docket and directing that all future filings in the consolidated

downstream case continue to be filed in the Downstream Sub-Docket (No. 17-9002), until

further order of the Court.  Thereafter, on September 9, 2020, this Court issued a further order

that: (1) rescinded Amended Management Order No. 3, dated January 8, 2019, ECF No. 153) as

it relates to newly filed cases; (2) specified that all downstream cases filed after March 13, 2020,

shall be filed as individual cases; and (3) dissolved the counsel structure created on December

15, 2017 by Management Order No. 3 (ECF No. 2), and provided that "[h]enceforth, plaintiffs

shall be represented by the attorney of their choosing."  Order Rescinding Amended

Management Order No. 3 As It Relates to Newly Filed Claims, Sept. 9, 2020, ECF No. 236.  The

Court then closed the Downstream Sub-Docket and directing that any appeals from the Court's

Order and Opinion of February 18, 2020 be filed in the individual dockets.  Order Directing the

Entry of Judgment in Downstream Cases, ECF No. 237 (Sept. 9, 2020).

As a result of these and subsequent orders, the Court's Opinion and Order of February

18, 2020, was determined to apply to all of the downstream claims and final judgments were

---

[4] As noted above, the parties had completed fact discovery and exchanged expert reports prior to
filing their cross-motions for summary judgment.  Expert depositions were not completed, but
those depositions were not necessary for the parties' cross-motions for summary judgment.

entered in each of the individual cases.  The appeals filed in 178 of those cases were consolidated by the Federal Circuit under *Milton v. United States*, No. 2021-1131.  A group of subsequently filed appeals were consolidated under *Olsen v. United States*, No. 2021-2034, and held in abeyance pending the outcome in *Milton*.

On June 2, 2022, the United States Court of Appeals for the Federal Circuit issued its decision in *Milton.*  The Federal Circuit concluded, contrary to this Court's opinion, that the plaintiff-appellants asserted "a cognizable property interest."  *Milton v. United States*, slip op. 13, ECF No. 120 (June 2, 2022).  Without reaching any other issues left unresolved by this Court's decision on that threshold or first-prong issue in the takings analysis, the Federal Circuit reversed and remanded for further proceedings consistent with its opinion.  *Id*. at 14.  The Federal Circuit stated in particular that,

> it is appropriate to remand this case to the Court of Federal Claims to address the second prong of the takings analysis in the first instance.  In other words, we leave it for the lower court to consider:  (1) whether Appellants have shown that a temporary taking occurred under the test applicable to flooding cases, *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23, 39 (2012); (2) whether Appellants have shown that a permanent taking occurred; (3) whether Appellants have established causation when considering "the impact of the entirety of the government actions that address the relevant risk," *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1364 (Fed. Cir. 2018), *cert. denied* 139 S. Ct. 796 (2019); and (4) whether the Government can invoke the necessity doctrine as a defense.

*Milton*, slip op. at 14 as modified by Errata, ECF No. 127 (July 11, 2022).

The Federal Circuit issued its Mandate on July 25, 2022, and that Mandate was docketed by this Court in the *Milton* case on the same date.[5]  *Milton v. United States*, No. 17-1235, Mandate, ECF No. 35 (July 25, 2022).

---

[5] The deadline for the filing of a petition for a writ of certiorari is August 31, 2022, which is 90 days after the Federal Circuit's entry of judgment on June 2, 2022.  The United States' proposal for proceedings on remand takes this deadline into account.

## II.    United States' Proposal for Further Proceedings

The remand of over 2,000 claims in nearly 200 individual downstream cases requires the Court to revisit the management of these cases.  The procedural history of these cases, summarized above and set forth in more in detail in the Court's docket, include decisions that should guide the proceedings on remand.

The Court's determination to manage these cases through the identification and selection of bellwether claims was based on input from all parties and is supported by the record in Master Docket and Downstream Sub-Docket.  The selection of the downstream bellwether claims allowed for an efficient completion of fact discovery and expert discovery through the exchange of expert reports prior to the parties' filing of cross-motions for summary judgment.

Given that procedural history and the Federal Circuit's decision to remand the downstream cases that were consolidated in *Milton* for further proceedings, the United States submits that the most efficient approach on remand is to proceed as follows:

(1) The individual downstream cases should continue to be treated as related cases and proceedings on remand should be reconsolidated under the Downstream Sub-Docket or coordinated under RCFC 42(a)(3) to avoid unnecessary cost or delay, and to conserve the resources of the parties and the Court.

(2) Consistent with the case management plan that guided the proceedings prior to the appeals, the proceedings on remand in these related downstream cases should be limited to the claims of the previously selected bellwether Plaintiffs.  Fact discovery was

completed as to these claims and the parties have exchanged expert reports specific to these claims.[6]

(3) All other claims and cases should be administratively stayed pending this Court's decision and final judgment as to the bellwether claims.  Doing so will conserve the parties' and the Court's resources by allowing contested legal questions to be addressed without any unnecessary delay based on the discovery already conducted by the bellwether plaintiffs and the United States.

(4) The Court did not reach many of the legal issues on which the parties previously cross-moved for summary judgment, and the Federal Circuit also declined the parties' invitation to reach these issues in the first instance on appeal.  Therefore, proceedings on the bellwether claims should begin with the filing of cross-motions for summary judgment in conformance with the Federal Circuit's ruling.  Consistent with the Federal Circuit's decision and RCFC 56, the filing of motions for summary judgment should focus on any liability-related issues that are suitable for summary judgment.

(5) A briefing schedule for the filing of motions for summary judgment may be set without delay.  The United States proposes to file its motion for summary judgment by October 28, 2022, with any cross-motion, responses and replies due in accordance with RCFC 7.2(b).  The United States submits that the filing of summary judgment briefs on remand can be based on the discovery already completed.  If the bellwether Plaintiffs ultimately determine that they "cannot present facts essential to justify [their] opposition" to the

---

[6] The parties previously determined that it was unnecessary to take expert depositions prior to filing their cross-motions for summary judgment.

United States' motion for summary judgment, RCFC 56(d) provides a mechanism for requesting time to take additional discovery.

As set forth below, the bellwether Plaintiffs propose that the Court bypass summary judgment and set their claims for trial. The United States acknowledges that certain issues that the Federal Circuit declined to reach in the first instance, and instead left for this Court to consider on remand, are not suitable for summary judgment. For example, the question of whether the bellwether Plaintiffs have shown that a temporary taking occurred under the multi-factor analysis set forth in *Arkansas Game & Fish Commission v. United States*, 568 U.S. 23 (2012), is not suitable for summary judgment because that is a fact-specific inquiry and the prior record presented on summary judgment revealed disputes of certain facts that are material to that multi-factor analysis.

However, other issues left open on remand, including the predicate question of causation, remain suitable for resolution at summary judgment. The Federal Circuit's ruling identifies this issue as "whether Appellants have established causation when considering 'the impact of the entirety of government actions that address the relevant risk[.]'" *Milton*, slip op. at 14 (quoting *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1364 (Fed. Cir. 2018), *cert. denied* 139 S. Ct. 796 (2019)). The element of causation was previously presented to the Court at summary judgment as a question of law. In those prior proceedings, both parties stated that there were no relevant facts in dispute on the issue of causation. Pls.' Summ. J. Reply at 3, ECF No. 190 ("The relevant facts are not in dispute."); Pls.' Summ. J. Reply at 7 ("The undisputed facts show that the Government caused the flooding of Plaintiffs' properties . . . ."); U.S. Summ. J. Reply at 1, ECF No. 194 ("the parties' cross-motions for summary judgment do not reveal a dispute of material fact or a battle of the experts requiring trial [on the issue of causation]"). Instead, the

dispute between the parties focused on the correct legal standard for causation, which is a question of law that the Court must decide as a threshold matter.  This predicate question of law remains suitable for resolution at summary judgment and does not require a trial.

The Federal Circuit's remand leaves this Court with discretion to determine an appropriate schedule for further proceedings.  The United States intends to limit its motion for summary judgment to those issues on which there is no genuine dispute as to any material facts and on which the Court can rule as a matter of law, consistent with RCFC 56.  This proposal is fully consistent with the Federal Circuit's remand decision and is also the most efficient and expeditious approach for resolving the remaining issues in this action.

### III.    Bellwether Plaintiffs' Response and Proposal for Further Proceedings

The United States conferred with formerly Court Appointed Downstream Leadership Jack McGehee, Richard Mithoff, and Rand Nolen, who represent bellwether Plaintiffs Val Aldred, Philip Azar, Paul and Dana Curtis, Good Resources LLC, Wayne and Peggy Hollis, Memorial SMC Investment 2013 L.P., Virginia and Arnold Milton, Peter and Zhennia Silverman,  Shawn Welling, and 1,429 other individual property owners,[7] and Bryant S. Bains, who represents the remaining bellwether Plaintiffs Gokhan and Jana Beyoglu, Arnstein and Inga Godejord, and Jennifer Shipos, regarding this motion and the proposal for proceedings on remand.

The bellwether Plaintiffs agree with the Government that the individual downstream cases should continue to be treated as related, and that proceedings on remand should be coordinated.

The bellwether Plaintiffs do not oppose initially limiting the proceedings on remand to the claims of the previously selected bellwether Plaintiffs.  Likewise, the bellwether Plaintiffs do not

---

[7] Formerly appointed counsel represented the appellants in 122 of the 178 appeals that were filed in the Court of Appeals for the Federal Circuit.

oppose administratively staying all non-bellwether cases pending this Court's decision and final judgment as to the bellwether claims. However, bellwether Plaintiffs and their counsel fully acknowledge that other Plaintiffs represented by non-bellwether counsel may disagree to proceeding with the previously established bellwether process, may disagree that administratively staying non-bellwether cases is appropriate, may wish to conduct additional discovery that is separate and apart from the bellwether Plaintiffs, and may wish to proceed to on an entirely different track from bellwether plaintiffs.

Bellwether Plaintiffs do not agree with the Government's proposal for summary disposition of the case. The Government proposes that the proceedings on remand should "begin with the filing of cross-motions for summary judgment in conformance with the Federal Circuit's ruling." *Supra* at 7. But faithful "conformance with the Federal Circuit's ruling" suggests a different approach: the Court should proceed with a trial on liability at the earliest feasible date, allowing the parties to develop a complete record and enabling the Court to evaluate the parties' legal contentions and enter judgment—once and for all—with the benefit of a fully-developed factual record. This approach has several advantages.

First, the Federal Circuit itself signaled that summary judgment is disfavored in these circumstances: "We have noted that 'due to the fact-intensive nature of takings cases, summary judgment should not be granted precipitously.'" *Milton v. United States*, 36 F.4th 1154, 1163 (Fed. Cir. 2022) (quoted citation omitted). That observation unmistakably signals that the Federal Circuit does not consider it prudent to adjudicate these "fact-intensive" issues in a summary judgment proceeding, as opposed to the more fulsome factual context of a trial.

Second, this approach would conserve the Court's resources (and those of the parties) in the long run. Rather than undertaking another lengthy process of briefing on the basis of a

voluminous factual record, followed by another hearing to debate the applicable legal principles and the careful review of the evidence that would be required by summary judgment motions, the Court may conduct a single bench trial and receive all the relevant evidence and briefing prior to making any legal determinations.  The liability trial in the upstream case required just 8 days, and there is no reason to believe a downstream trial would be significantly longer; this is not a situation in which trial will require several weeks.  By proceeding in this manner, this Court will have the benefit of a full factual record before it renders judgment and there will be no risk of any further remands; if the Federal Circuit reaches a different conclusion on appeal, it will have a complete record to render judgment without the need for yet another remand.

Third, this approach would minimize the costs of delay.  Hurricane Harvey ravaged the City of Houston five years ago this month, and the ongoing delay has very real consequences for the property owners.  The prior motions practice resulted in post-judgment and appellate proceedings that have stretched on for 2½ years—time that was wasted because the Government invited a ruling that it could not defend.  Now the Government wants to repeat the entire cycle and potentially inject another 2-3 years of delay into the proceedings—after which there still might not be a final resolution of the litigation.  Meanwhile, the property owners in the upstream case have not only secured a judgment in their favor on liability, but have completed a trial on the issue of damages.  Injecting further delay into the downstream case while the upstream case proceeds toward final judgment does not serve the public interest in a case of such magnitude and importance to the City of Houston.

Finally, the Government is mistaken to suggest that the parties could proceed immediately to a new round of summary judgment briefing.  Although it is true that factual discovery has been completed with respect to the bellwether plaintiffs and expert reports have been exchanged with

respect to those claims, *supra* at 6, the Government acknowledges that expert depositions have not been taken.  *Id*. at 6 n.6.  The bellwether plaintiffs previously agreed to proceed with summary judgment briefing without expert depositions, but development of the legal arguments in that briefing—and the subsequent refinement of the parties' positions in the appellate briefing—has led the plaintiffs to conclude that it will be necessary to depose the respective experts prior to a new round of summary judgment briefing (if any).  Thus, at the very least, plaintiffs believe additional discovery will be necessary before it is appropriate to consider a new round of legal briefing.

## IV.   Conclusion

For the reasons set forth above, Defendant United States and the Bellwether Plaintiffs respectfully request that the Court schedule a status conference in these related downstream cases, with notice to all Downstream Plaintiffs.

Dated:  September 2, 2022

Respectfully submitted,

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division

*s/ Kristine S. Tardiff*
KRISTINE S. TARDIFF
WILLIAM J. SHAPIRO
LAURA W. DUNCAN
FRANCES B. MORRIS
SAMUEL VICE
Trial Attorneys
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
53 Pleasant Street, 4th Floor
Concord, NH 03301
Telephone:  603-230-2583
E-Mail:  kristine.tardiff@usdoj.gov

*Counsel for the United States*

12

/s/ Rand P. Nolen
Rand P. Nolen
**FLEMING, NOLEN & JEZ L.L.P.**
*2800 Post Oak Blvd., Suite 4000*
*Houston, Texas 77056*
*Telephone: (713) 621-7944*
rand_nolen@fleming-law.com

/s/ Jack E. McGehee
Jack E. McGehee
**MCGEHEE, CHANGE, BARNES,**
    **LANDGRAF**
10370 Richmond Ave., Suite 1300
Houston, Texas 77042
Telephone: (713) 864-4000
jmcgehee@lawtx.com

/s/ Richard Warren Mithoff
Richard Warren Mithoff
**MITHOFF LAW FIRM**
500 Dallas Street, Ste. 3450
Houston, Texas 77002
Telephone: (713) 654-1122
mithoff@mithofflaw.com

*Counsel for Plaintiffs Val Aldred, Philip*
*Azar, Paul and Dana Curtis, Good*
*Resources LLC, Wayne and Peggy Hollis,*
*Memorial SMC Investment 2013 L.P.,*
*Virginia and Arnold Milton, Peter and*
*Zhennia Silverman, and Shawn Welling*

/s/ Bryant S. Banes
**NEEL, HOOPER & BANES, P.C.**
Bryant S. Banes
Texas State Bar No. 24035950
Federal ID No. 31149
1800 West Loop South, Suite 1750
Houston, Texas 77027-3008
Tel: (713) 629-1800/Fax: (713) 629-1812
E-mail: bbanes@nhblaw.com
*Counsel for Plaintiffs Gokhan and Jana*
*Beyoglu, Arnstein and Inga Godejord, and*
*Jennifer Shipos*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a copy of the foregoing *United States' and Bellwether Plaintiffs' Joint Motion for Status Conference and Proposal for Proceedings on Remand* was sent on September 2, 2022, via electronic mail to the following Plaintiffs' counsel of record as reflected in the ECF notifications in Docket No. 17-9002:


Allen Craig Eiland
ceiland@eilandlaw.com

Andrew Sullo
asullo@sullolaw.com

Anthony Glenn Buzbee
tbuzbee@txattorneys.com

Anthony J. Antonellis
aantonellis@sloanewalsh.com

Benjamin Russell Roberts
broberts@chadpinkerton.com

Bryant Steven Banes
bbanes@nhblaw.com

Charles W. Irvine
charles@irvineconner.com

Christina Teresa Natale
christina@heardlawfirm.com

Clayton A. Clark
cclark@triallawfirm.com

David Charles Frederick
dfrederick@kellogghansen.com

Dax Frank Garza
dax@daxgarzalaw.com

Denman Hilton Heard
denman@heardlawfirm.com

Derek Heath Potts
dpotts@potts-law.com

Don C. Griffin
dgriffin@velaw.com

Edward Blizzard
eblizzard@blizzardlaw.com

Edwin Armistead Easterby
aeasterby@whlaw.com

Emery Lawrence Vincent, Jr
lvincent@burnscharest.com

Eric Jonathan Rhine
erhine@spaglaw.com

Eric Reed Nowak
enowak@harrell-nowak.com

Gary J. Siller
gary.siller@clarkhillstrasburger.com

Howard L. Nations
nations@howardnations.com

Hsien Chun Chang
hcchang@lawtx.com

Ian Heath Gershengorn
igershengorn@jenner.com

Ian P. Cloud
icloud@robinscloud.com

Jack Edward McGehee
jmcgehee@lawtx.com

James L. Warren, III
jwarren@cwplaw.com

Jared R. Woodfill
woodfillservice@gmail.com

Jason A. Itkin
jitkin@arnolditkin.com

Jay Edelson
jedelson@edelson.com

Jeffrey L. Raizner
efile@raiznerlaw.com

John Clinton Schumacher
clint@dawsonsodd.com

John Scott Black
jblack@dalyblack.com

Joseph K. Jones
jjones@sloanfirm.com

Kurt B. Arnold
karnold@arnolditkin.com

Luke Joseph Ellis
lellis@mehlaw.com

Manuel E. Solis
juansolislaw@gmail.com

Michael C. Falick, I
mfalick@rothfelderfalick.com

Michael J. Dulaney
mdulaney@sjrm.com

Tammy Tran
ttran@tt-lawfirm.com

Nancie Gail Marzulla
Nancie@marzulla.com

Noah Michael Wexler
nwexler@arnolditkin.com

Peter Kelley Taaffe
ptaaffe@txattorneys.com

Philip M. Kanayan
pmk@karstvonoiste.com

Rand P. Nolen
rand_nolen@fleming-law.com

Rene Michelle Sigman
rsigman@merlinlawgroup.com

Richard N. Laminack
rickl@lpm-triallaw.com

Richard Warren Mithoff, Jr
rmithoff@mithofflaw.com

Riley L. Burnett, Jr
rburnett@rburnettlaw.com

Samuel Charles Webb
swebb@thecoxlawfirm.com

Spencer G. Markle
spencer@markledelacruz.com

Steven John Mitby
smitby@seilermitby.com

Timothy Micah Dortch
mdortch@potts-law.com

Todd B. Denenberg
tdenenberg@dt-law.com

Vuk Vujasinovic
vuk@vbattorneys.com

William David Mahoney
wmahoney@bmg-law.com

William Fred Hagans
fhagans@hagans.law

William S. Consovoy
will@consovoymccarthy.com

/s/ Kristine S. Tardiff
KRISTINE S. TARDIFF
Senior Trial Attorney
United States Department of Justice
53 Pleasant Street, 4th Floor
Concord, NH 03301
603-230-2583 (office)
kristine.tardiff.@usdoj.gov