# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

*Electronically filed: September 13, 2022*

| | | |
|---|---|---|
| VIRGINA MILTON and ARNOLD MILTON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 17-1235 L |
| v. | ) ) ) | Hon. Loren A. Smith |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

## ABED-STEPHEN PLAINTIFFS' RESPONSE TO UNITED STATES' AND MILTON PLAINTIFFS' JOINT MOTION FOR STATUS CONFERENCE AND PROPOSAL FOR PROCEEDINGS ON REMAND

The formerly Stayed Plaintiffs, the Abed-Stephen Plaintiffs,[1] hereby respond to the Joint Motion filed by the Government and the Milton Plaintiffs, in which those parties asked the Court to schedule a status conference, which has now been scheduled for September 14, 2022, at 3:00 p.m. ET. The purpose of that status conference, as we understand it, is to discuss how resolution of the Milton claims will proceed on remand. In this response, the Abed-Stephen Plaintiffs also ask this Court to schedule a status conference for resolving their claims following remand. As we discussed in our response to the Court's earlier show cause order,[2] these Plaintiffs have not filed a Joint Procedural Status Report, have not made any initial disclosures, and have not yet completed any

---

[1] Pls.' Response to Order to Show Cause, Ex. 1 (June 22, 2020) (ECF No. 228-1).
[2] Pls.' Response to Order to Show Cause (June 22, 2020) (ECF No. 228).

discovery—factual or expert. In addition, these Plaintiffs also do not believe their claims can be summarily resolved under Rule 56.

**United States' and Milton Plaintiffs' Proposals**

The Government and the Milton Plaintiffs proposed a process by which they believe that all Downstream cases should proceed. The Abed-Stephen Plaintiffs do not agree with this approach because those proposals do not offer a framework by which the court will administer the entirety of the Downstream cases. Specifically:

- The proposals ignore the Abed-Stephen Plaintiffs, both those already filed and those to be filed. Instead, the sole focus of the United States' and Bellwether Plaintiffs' proposals is on the 12 Bellwether cases. But, a case management structure, as contemplated by Rule 23 for class actions or as discussed extensively in the Manual for Complex Litigation, should cover more.

- The United States asserts that the determination to manage these cases through the identification and selection of Bellwether claims was based on input from all parties. Abed-Stephen Plaintiffs disagree. To the contrary, many Abed-Stephen Plaintiffs were given no opportunity to provide input on using a Bellwether trial, on selecting the Bellwether trial, or on the impact and/or benefit of a Bellwether trial on the future of this litigation. Abed-Stephen Plaintiffs want their day in court. They do not want to have their rights affected while they and their attorneys are relegated as spectators.

- Both the United States and the Bellwether Plaintiffs seem to agree that most discovery is completed with respect to the Bellwether Plaintiffs. The Abed-Stephen

Plaintiffs have not been a part of the discovery process at all. The Abed-Stephen Plaintiffs are ready to commence a review of the discovery that has been completed but do not agree that discovery is complete. Further, the Abed-Stephen Plaintiffs believe that a case management structure should be put in place for the Abed-Stephen Plaintiffs—with a clear plan for what will occur, when it will occur, and what the benefit and purpose is—based on fulsome input from the Abed-Stephen Plaintiffs. Further, the Abed-Stephen Plaintiffs believe that fact issues exist—as evidenced by the competing opinions of experts hired by both sides strongly suggest. Thus, the Abed-Stephen Plaintiffs believe that factual disputes preclude a quick summary judgment as proposed by the United States.

**Request for a Status Conference to Discuss Resolution of Abed-Stephen Plaintiffs' Claims**

As an initial step, the Abed-Stephen Plaintiffs propose asking the Court to certify a class of all similarly situated claimants, and to ask the Court to appoint class counsel. Thereafter, the Abed-Stephen Plaintiffs ask that the Court entertain entry of a pretrial scheduling order, with input from Plaintiffs' counsel and counsel for the Government, so that these claims can be prepared for trial.

Respectfully submitted,

s/ Nancie G. Marzulla
Nancie G. Marzulla
Roger J. Marzulla
MARZULLA LAW, LLC
1150 Connecticut Avenue NW
Suite 1050
Washington, DC 20036

(202) 822-6760 (telephone)
(202) 822-6774 (facsimile)
roger@marzulla.com
nancie@marzulla.com

Counsel for Abed-Stephen Plaintiffs

September 13, 2022

Of Counsel

William Fred Hagans
Hagans Montgomery Hagans
3200 Travis
4th Floor
Houston, TX 77006
713−222−2700
Fax: 713-547-4950
fhagans@hagans.law

Stephanie M. Taylor
Hagans Montgomery Hagans
3200 Travis
4th Floor
Houston, TX 77006
713−222−2700
Fax: 713-547-4950
staylor@hagans.law

Dennis C. Reich
Reich & Binstock
4265 San Felipe
Suite 1000
Houston, TX 77027
713-352-7883
dreich@reichandbinstock.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2022, a copy of the foregoing Response To United States' and Milton Plaintiffs' Joint Motion for Status Conference and Proposal for Proceedings on Remand was served by email to all counsel of record through the Court's ECF filing system.

s/Audrey B. Yost<br>
Audrey B. Yost