# In the United States Court of Federal Claims

No. 17-9002
Filed: September 28, 2022

| |
|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS |

THIS DOCUMENT APPLIES TO:

17-1189, 17-1191, 17-1194, 17-1195, 17-1206, 17-1215, 17-1216, 17-1232, 17-1235, 17-1300, 17-1303, 17-1332, 17-1391, 17-1393, 17-1394, 17-1395, 17-1396, 17-1397, 17-1398, 17-1399, 17-1408, 17-1423, 17-1427, 17-1428, 17-1430, 17-1433, 17-1434, 17-1435, 17-1436, 17-1437, 17-1438, 17-1439, 17-1450, 17-1451, 17-1453 17-1454, 17-1456, 17-1457, 17-1458, 17-1461, 17-1512, 17-1514, 17-1515, 17-1516, 17-1517, 17-1518, 17-1519, 17-1520, 17-1521, 17-1522, 17-1523, 17-1524, 17-1525, 17-1545, 17-1555, 17-1564, 17-1565, 17-1566, 17-1567, 17-1577, 17-1578, 17-1588, 17-1625, 17-1645, 17-1646, 17-1647, 17-16522, 17-1653, 17-1679, 17-1680, 17-1681, 17-1682, 17-1683, 17-1684, 17-1685, 17-1686, 17-1688, 17-1689, 17-1748, 17-1814, 17-1822, 17-1828, 17-1833, 17-1834, 17-1882, 17-1948, 17-1949, 17-1954, 17-1972, 17-2003, 18-123, 18-142, 18-144, 18-168, 18-169, 18-230, 18-243, 18-244, 18-308, 18-318, 18-319, 18-321, 18-322, 18-338, 18-339, 18-341, 18-344, 18-345, 18-346, 18-347, 18-348, 18-349, 18-389, 18-463, 18-518, 18-685, 18-697, 18-700, 18-707, 18-708, 18-778, 18-779, 18-974, 18-1068, 18-1165, 18-1166, 18-1167, 18-1168, 18-1169, 18-1170, 18-1171, 18-1172, 18-1173, 18-1176, 18-1178, 18-1179, 18-1180, 18-1181, 18-1183, 18-1184, 18-1193, 18-1263, 18-1287,

18-1307, 18-1380, 18-1417, 18-1523, 18-1610, 18-1611, 18-1612, 18-1613, 18-1652, 18-1670, 18-1697, 18-1714, 18-1856, 18-1942, 18-1968, 19-36, 19-127, 19-167, 19-423, 19-465, 19-588, 19-698, 19-782, 19-807, 19-1063, 19-1077, 19-1078, 19-1082, 19-1180, 19-1207, 19-1208, 19-1215, 19-1266, 19-1278, 19-1321, 19-1908, 19-1924, 20-115, 20-147, 20-591, 20-686, 20-696, 20-701, 20-704

## SECOND AMENDED MANAGEMENT ORDER NO. 3
### (ORDER RE-OPENING SUB-MASTER DOCKET FOR DOWNSTREAM CLAIMS)

On December 5, 2017, the Court issued Management Order No. 3, directing that all existing and future downstream cases, as identified above, be consolidated for pretrial management. Management Order No. 3 at 2, Case No. 17-3000, ECF No. 104. In the Order, the Court directed the Clerk to, *inter alia*, create a Sub-Master Docket—*In re Downstream Addicks and Barker (Texas) Flood-Control Reservoirs v. USA*, Case No. 17-9002—and to include all future filings in the consolidated downstream cases on the Sub-Master Docket. *Id.* at 2–3. On January 8, 2019, Management Order No. 3 was re-issued in amended form. Amended Management Order No. 3, Case No. 17-9002, ECF No. 153.

On February 18, 2020, the Court issued an Opinion and Order granting defendant's Motion to Dismiss and Cross-Motion for Summary Judgment. *See* Opinion and Order, Case No. 17-9002, ECF No. 203. On September 9, 2020, the Court issued Orders directing that the Clerk enter judgment dismissing all but eleven of the consolidated downstream cases;[1] that the Clerk close Sub-Master Docket No. 17-9002; that filings in the remaining eleven cases, and in all downstream cases filed after March 13, 2020 be made in the individual case dockets; that the counsel structure created on December 15, 2017 by Management Order No. 3 be dissolved; and that Amended Management Order No. 3, which had required that filings in new downstream cases be made in Sub-Master Docket No. 17-9002, be rescinded as it relates to newly filed cases. Order Rescinding Amended Management Order No. 3, Case No. 17-9002, ECF No. 236; Order Directing the Entry of Judgment, Case No. 17-9002, ECF No. 237.

---

[1] Ten of these eleven cases—Case Nos. 17-1555, 18-123, 18-345, 18-1697, 19-698, 19-782, 19-807, 19-1266, 19-1063, and 19-1924—were later dismissed for failure to show cause why they should not be dismissed based on the Court's February 18, 2020 Opinion and Order, Case No. 17-9002, ECF No. 203, and are included in this order. The last of these eleven cases—Case No. 17-1191—was remanded along with the other consolidated downstream cases and is also included in this order. *See* Mandate, Case No. 17-1235, ECF No. 35. Although a dismissal order and final judgment were never entered in Case No. 17-1191, the Court of Appeals for the Federal Circuit consolidated the appeal in this case with the appeal in *Milton v. USA*, Case No. 17-1235, *infra*, and remanded the case consistent with the decision in *Milton*.

On June 2, 2022, the Court of Appeals for the Federal Circuit reversed the dismissals of a group of downstream cases that it had consolidated for purposes of appeal and remanded the cases to the Court.  Mandate, Case No. 17-1235 ("*Milton*"), ECF No. 35.  On August 30, 2022, the Court of Appeals for the Federal Circuit issued an order as a mandate lifting the stay of another group of downstream cases that it consolidated for purposes of appeal and remanded the cases to the Court for further proceedings consistent with *Milton.  See* Order, Case No 18-123, ECF No. 18.  Accordingly, the Clerk of Court is now directed to **RE-OPEN** Sub-Master Docket No. 17-9002.  To promote the efficient administration of justice, Amended Management Order No. 3, issued on January 8, 2019, is hereby reissued and further amended as follows:

1. *Consolidation of Downstream Cases***.**  The following cases are hereby consolidated for post-appeal management:

   - Cases identified in the above caption; and

   - Any subsequently filed directly or indirectly related cases, as defined in Rule 40.2 of the Rules of the United States Court of Federal Claims ("RCFC"), that are identified as downstream cases.

   Second Amended Management Order No. 3 does not address whether these actions are or will be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the RCFC.

2. *Notice.*  The Clerk of Court will docket this Order and the following Notice in each of the cases identified in the above caption:

   > NOTICE: Sub-Master Docket, *In re Downstream Addicks and Barker (Texas) Flood-Control Reservoirs*, Case No. 17-9002, has been re-opened.  From this date and until further order, all filings in these consolidated downstream cases, except substitutions of counsel, will be filed in this Sub-Master Docket.

3. *Future Filings; Case Caption***.**  Without an order rescinding Second Amended Management Order No. 3, all future filings in these consolidated cases, except as provided in numbered paragraph 5 below, will be made in this Sub-Master Docket and will bear the same caption as used in this order.

   **(a)** A filing that is applicable to all of these consolidated downstream cases will state in the caption that it applies to "ALL DOWNSTREAM CASES."  Such filing will be made in Sub-Master Docket No. 17-9002 only but will be deemed filed and docketed in each individual case to the extent applicable.

   **(b)** A filing that applies only to a particular case(s) will state in the caption the applicable case number(s) and the last name(s) of the named plaintiff(s).

4. ***Newly Filed Actions***. This Order will apply to all subsequently filed or transferred cases that are directly or indirectly related and identified as downstream cases. When a directly or indirectly related case that is identified as a downstream case subsequently is filed:

   **(a)** plaintiff(s) must use the attached short-form complaint (instructions regarding the filing of new downstream cases are available on the court's website at http://www.uscfc.uscourts.gov/node/3325); and

   **(b)** the Clerk of Court will:

   **(i)** make an appropriate entry in Sub-Master Docket No. 17-9002;

   **(ii)** docket a copy of this Order in the newly filed case; and

   **(iii)** docket a Notice in the newly filed case providing that until further order of the court, all filings in the case shall be made in Sub-Master Docket No. 17-9002 pursuant to paragraph 3 above.

5. ***Lead Counsel in Sub-Master Docket.*** On September 14, 2022, the Court held a telephonic status conference to discuss Sub-Master Docket No. 17-9002, including the re-appointment of counsel leadership, originally established in the Court's November 20, 2017 Order. Order Regarding Appointment of Plaintiffs' Counsel, Case No. 17-3000, ECF No. 69. On September 22, 2022, the Court was advised that Rand P. Nolen, Richard Warren Mithoff, and Jack E. McGehee are amenable to a reappointment of their position as lead counsel. See Formerly Appointed Downstream Counsel's Status Report, Case No. 17-1235, ECF No. 38. Accordingly, Rand P. Nolen, Richard Warren Mithoff, and Jack E. McGehee SHALL resume their representation as Plaintiffs' Counsel as formerly established in the Court's November 20, 2017 Order, Case No. 17-3000, ECF No. 69.

6. ***Substitution of Counsel in Individual Cases.*** Any substitutions of counsel in individual cases must be made by filing a motion to substitute counsel for plaintiff(s) (or a notice of appearance for the United States) in the individual case dockets rather than in Sub-Master Docket No. 17-9002.

   **IT IS SO ORDERED.**

                                                  s/ *Loren A. Smith*
                                                  Loren A. Smith,
                                                  Senior Judge

# In the United States Court of Federal Claims

|  |  |
|---|---|
| IN RE DOWNSTREAM ADDICKS AND BARKER (TEXAS) FLOOD-CONTROL RESERVOIRS<br><br><br>THIS DOCUMENT RELATES TO:<br><br>(Individual Case Name and Number) | )<br>)<br>)<br>)<br>)<br>) Sub-Master Docket No. 17-9002L<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S SHORT-FORM COMPLAINT

By submitting this document, Plaintiff(s) adopts (adopt) and incorporates (incorporate) by reference the Consolidated and Amended Downstream Master Complaint (ECF No. 23) filed in the above-styled Sub-Master Docket on January 16, 2018, and all subsequent amendments to that Complaint. The Plaintiff's Short-Form Complaint is deemed Plaintiff's Original Complaint if it is plaintiff's original pleading and must be filed as a new complaint through the Court's CM/ECF system.

1. Name of Plaintiff(s): _____

   _____

2. Location by address of Plaintiff(s) property subject to Plaintiff(s) allegations of a Fifth Amendment taking without just compensation as a result of Addicks/Barker reservoir releases:

   a. Tax number for identified property: _____

   b. Real property interest possessed by Plaintiff(s) alleged to have been taken:

      Ownership (i.e., fee simple) _____ Leasehold _____ Other _____

   c. Manner of alleged taking of the property interest(s) listed in paragraph 2(b) above:

      Temporary _____ Permanent _____ Both _____

3. Type of property alleged to have been taken:

Real Property _____ Personal Property _____ Both _____

4. Pro Se Plaintiff or Plaintiff(s) Counsel(s) signature block.